UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE COX, JR., a/k/a ABBUE-JAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-3133-SRC |
| | ) |
| AUDREY G. FLEISSIG, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Willie Cox, Jr., a/k/a Abbue-Jau, for leave to proceed in forma pauperis in this civil action. For the reasons explained below, the motion will be denied, and this case will be dismissed.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to closely screen cases where, as here, there is an application to proceed in forma pauperis. The Court may deny a litigant leave to proceed in forma pauperis and dismiss an action if it determines that the complaint is frivolous or malicious. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint is malicious if it was filed for the purpose of harassing the named defendant and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).

When considering whether a complaint is malicious, the Court may refer to objective factors such as the circumstances surrounding the filing and the tone of the allegations. *Id.* Additionally, the Eighth Circuit has recognized that "malicious" applies to situations where the complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey v.*

*Asher,* 741 F.2d 209, 213 (8th Cir. 1984), *Cooper v. Wood,* 111 F.3d 135 (8th Cir. 1997) (unpublished); *see also In re McDonald,* 489 U.S. 180 (1989) (leave to proceed in forma pauperis can be denied based in part on prior abusive litigation).

**Background**

The case at bar is one of many interrelated civil rights actions plaintiff has filed pro se and in forma pauperis in this Court since September 17, 2019.[1] As of the date of this Memorandum and Order, all of plaintiff's cases that were reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) were dismissed for one of the reasons set forth therein. In *Cox v. City of Clayton*, 4:19-cv-03091-RLW, the Honorable Ronnie L. White determined that plaintiff's repeated filing of frivolous and interrelated lawsuits amounted to abuse of the judicial process, and cautioned him that restrictions may be imposed if he continued the practice. Beginning on November 22, 2019 with the instant action, plaintiff filed lawsuits seeking damages against the District Judges of this Court who dismissed his cases.[2] On December 10, 2019, the judges of the Eastern District of Missouri *en banc* issued an order giving plaintiff ten days to show cause as to why he should not be prohibited from filing future actions in this Court without first obtaining leave of the Court.

---

[1] *See Cox v. Lang*, 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Hartman,* 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019), *Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019), *Cox v. Walz*, 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Morrow*, 4:19-cv-02593-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Grammer*, 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019), *Cox v. Crotzer*, 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019), *Cox v. Dewly*, 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019), *Cox v. Dodson*, 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019), *Cox v. Walker*, 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019), *Cox v. City of University City, Missouri*, 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019), *Cox v. Brentwood, Missouri, City of*, 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019), *Cox v. City of Clayton*, 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019), and *Cox v. Ferguson, City of*, 4:19-cv-3115-SNLJ (E.D. Mo. Nov. 18, 2019).

[2] *See Cox v. Autrey,* 4:19-cv-3143-SPM (E.D. Mo. Nov. 25, 2019), *Cox v. Autrey,* 4:19-cv-3144-JCH (E.D. Mo. Nov. 25, 2019), *Cox v. Ross,* 4:19-cv-3152-SNLJ (E.D. Mo. Nov. 25, 2019), *Cox v. Ross,* 4:19-cv-3153-HEA (E.D. Mo. Nov. 25, 2019), *Cox v. Ross,* 4:19-cv-3156-JMB (E.D. Mo. Nov. 26, 2019), and *Cox v. Ross,* 4:19-cv-3157-DDN (E.D. Mo. Nov. 26, 2019).

## The Complaint

Plaintiff brings this action against the Honorable Audrey G. Fleissig to complain about her dismissal of one of his prior cases, *Cox v. Dodson*, 4:19-cv-02748-AGF. In that case, plaintiff sued a state court judge for denying him a jury trial in an action he was defending regarding a traffic stop. Judge Fleissig dismissed the case after determining the judge was immune from suit.

In the complaint at bar, plaintiff sets forth his allegations in a mocking tone, and accuses Judge Fleissig of fraud and criminal activity. For example, he writes:

> Ms. Audrey G. Fleissig has ruled that Malicious Prosecution is frivolous, lack of probable cause, although I did not write the word "lack," here Ms. Audrey G. Fleissig, just committed a little act of fraud, I wrote the words "No probable cause of a crime," that's what I wrote. Two completely different ways of proving a point, would you say? Ms. Audrey G. Fleissig also wrote that "violations of due process, breaches of fiduciary duties and Fourth Amendment rights were frivolous as well, let's just see shall we?
>
> . . .
>
> Ms. Audrey G. Fleissig is so respectful to he-r fellows, "The Honorable," Jason Dodson, as s-he, so respectfully wrote it on "My" complaint, which I did not write, affords a crime, and being a crime, Ms. Audrey G. Fleissig, with he-r own words, violated he-r fiduciary duty to me and went beyond he-r restrictions as a officer of the court.

(ECF No. 1, attch. 1 at 24-25). Included with the complaint are pages of language about various legal topics, and about Missouri law pertaining to certain vehicle lights. Also included is a copy of Judge Fleissig's Memorandum and Order in *Cox v. Dodson*, 4:19-cv-02748-AGF, with handwritten notations regarding allegedly erroneous findings. Plaintiff seeks a total of $4.6 million in damages.

## Discussion

The Court finds that plaintiff's in forma pauperis application should be denied and this action should be dismissed because the complaint is frivolous and malicious. The complaint is

frivolous because judges generally cannot be sued for monetary relief based on alleged judicial misconduct, and nothing in the instant complaint establishes that Judge Fleissig acted in the absence of jurisdiction or outside her judicial capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). The complaint is malicious because it is clear from the circumstances surrounding the filing and the tone of the allegations that plaintiff filed the complaint to harass and disparage Judge Fleissig for ruling against him, *see Spencer*, 656 F. Supp. at 461-63, and because the complaint is clearly part of a pattern of abusive and repetitious lawsuits. *See Horsey,* 741 F.2d at 213.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate order of dismissal will be entered herewith.

Dated this 11th day of December, 2019.

*SLR.CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE